■ In the Matter of BENEDETTO COSTANZO, JR., Respondent, v. SECURITY MUTUAL INSURANCE COMPANY, Appellant, and MORRIS ROSEN & SONS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed July 13, 1972, which held that appellant Security Mutual Insurance Company and respondent Public Service Mutual Insurance Company provided dual coverage to the employer in the State of New York at the time of claimant's injury and that they were to share equally the liability for claimant's award. The facts are not in dispute. On June 18, 1970 claimant, a laborer, was injured at work on a job site in Newark, New Jersey. He filed his compensation claim in New York, however, and was paid benefits by the appellant from the date of injury until at least February 2, 1972. On January 7, 1972 a referee made a finding of dual coverage for the employer by appellant and Public Service Mutual. In its application for review of this determination by the board, appellant contended that its policy covered the employer's operations in the State of New Jersey alone and that it was responsible solely for valid New Jersey compensation awards. The board, nonetheless, affirmed the referee's decision, finding dual coverage in New York and granting claimant an award. While Public Service Mutual concedes its liability for a New York compensation award and seeks an affirmance of the board, appellant challenges the board's decision, insofar as it is deemed to be equally liable with Public Service Mutual for claimant's compensation payments. It premises its argument upon an express provision of its compensation policy with the employer which limits coverage " to the workmen's compensation law and any occupational disease law " of the State of New Jersey. In view of this explicit policy directive, we find appellant's reasoning to be persuasive and hold that Security Mutual cannot, as a matter of law, be held responsible for the payment of a New York compensation award. Our position finds ample support in pertinent case law. Thus, in *Matter of Kohl* v. *Picoult* (18 N Y 2d 312) claimant was employed in Minnesota and yet entitled to compensation in New York. The carrier which covered his employer under Minnesota's workmen's compensation law was held not to be liable for 50% of the New York award, as its policy extended coverage to New York employment only if the employer lacked other insurance for that coverage. There, as here, equitable arguments were advanced to support the board's finding of liability, and the court found them to be insufficient to justify enlarging the carrier's legal liability beyond its contractual undertaking. Indeed, appellant's position is even stronger in the present case, as its policy contains no provision for an extension of coverage to New York or other states under any circumstances. Even more squarely in point is *Matter of Kayaloylou* v. *J. & T. Painting Co.* (37 A D 2d 889) wherein a carrier issued a policy covering an employer's New Jersey operations. When an employee sustained accidental injuries in that State, the employer filed reports of injuries with the New York Workmen's Compensation Board and the carrier accepted New York jurisdiction and made payments. Later, when the carrier

claimed that the payments were made in error and sought reimbursement from the State Insurance Fund, it was determined that the State Insurance Fund was solely liable and that the carrier was not estopped from denying liability. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.